UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEWIS HALEY, ET AL.                              CIVIL ACTION

VERSUS                                           NO: 08-5042

JOSE GALERA, ET AL.                              SECTION: "A" (2)

## ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 3)** filed by plaintiff Lewis Haley.  Defendants Jose Galera, Trinity Carrier Service, and Northland Insurance Co. oppose the motion.  The motion, set for hearing on January 7, 2009, is before the Court on the briefs without oral argument.

This suit arises out of a motor vehicle accident that occurred in New Orleans, Louisiana.  Plaintiff Lewis Haley was a guest passenger in a car being driven by defendant Don Andrew.  The vehicle was involved in a collision with another vehicle operated by defendant Jose Galera and owned by defendant Trinity Carrier Service.  Haley claims to have suffered various personal injuries and damages.

Plaintiff filed suit in state court naming Andrews, Calera, Trinity, and their insurers as defendants.  Andrews, like Plaintiff, is a citizen of Louisiana.  Nevertheless, defendants

Calera, Trinity, and Northland Insurance removed the suit to this Court based on diversity jurisdiction. The removing defendants contend that Andrews has been fraudulently joined because Haley testified at his deposition that he did not know that he had sued Andrew, and that the allegations contained within the petition against Andrew were not true.[1]

To demonstrate improper joinder of a non-diverse defendant, the removing defendant must establish either 1) actual fraud in the pleading of jurisdictional facts, or 2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007) (quoting Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006)). The threshold question considered for the second prong is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

The burden of proving improper joinder is on the removing party. Id. (citing Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005)). In deciding whether a party was improperly joined, the Court resolves all contested factual issues and

---

[1] The Court has not yet been provided a copy of the deposition. Rec. Doc. 7 at 3 n.1.

ambiguities of state law in favor of the plaintiff. Id. Any doubt as to the propriety of removal must be resolved in favor of remand. Id. (citing Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362 (5th Cir. 1995)).

The petition unarguably states a claim against Andrews given that he was driving the vehicle in which Haley was injured. Further, the evidence before the Court demonstrates that the allocation of fault in this accident is a contested issue of fact, and as such it must be resolved in Haley's favor. Discovery is still in the early stages and at this juncture the Court cannot conclude that Haley will be unable to establish a cause of action against Andrews in state court.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 3)** filed by plaintiff Lewis Haley is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

January 15, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

3